No. 2955.

H. E. HARMES *v.* THE STATE.

DISORDERLY HOUSE—FACT CASE.—A house is not necessarily a disorderly house within the meaning of the statute because it is resorted to by prostitutes and vagabonds. The proof in this case shows that the accused was the proprietor of a combined retail grocery establishment and beer saloon, and that prostitutes and vagabonds resorted to that establishment for the purpose of buying and drinking beer. *Held*, insufficient to support a conviction for "keeping a disorderly house."

APPEAL from the County Court of Bowie. Tried below before the Hon. S. D. Lary, County Judge.

This conviction was for keeping a disorderly house, and the penalty assessed against the appellant was a fine of one hundred dollars.

The proof, both for the State and the defense, established that the defendant was the proprietor of a combined retail grocery store and beer saloon, situated in a suburb of the city of Texarkana, in Bowie county, which suburb was known as "Vinegar Hill." That place was resorted to daily by prostitutes for the purchase of beer, sometimes by the drink, and sometimes by the bucketful. The same class of persons often purchased groceries at the same place, and respectable people, male and female, often visited the said establishment to purchase supplies, groceries, etc. Beer was sold to whoever would buy, and customers of all classes were free to drink beer on the premises, and to remain on the premises as long as they pleased. One of the defendant's established rules was to expel noisy and turbulent persons from the place, and one witness testified to one occasion on which the rule was enforced.

*R. D. Harrell,* for appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

HURT, JUDGE. This court, in McElhenny v. The State, 12 Texas Court of Appeals, 231, held that "it is not every house to which prostitutes and vagabonds resort that thereby becomes a disorderly house within the meaning and intent of article 396 of the Penal Code." In this case, as in that cited, the evidence shows that defendant was engaged in carrying on a legitimate business. That prostitutes and vagabonds resorted to that house for the purpose of buying and drinking beer, does not bring the place within the inhibition of the statute.

Because the evidence does not warrant the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*